IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:20-cr-00174-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RYAN KAMADA,

    Defendant.

---

**DEFENDANT'S OBJECTION TO PRESENTENCE REPORT FOR NOT INCLUDING A MITIGATING ROLE ADJUSTMENT FOR DEFENDANT KAMADA AS A MINIMAL PARTICIPANT UNDER U.S.S.G. SECTION 3B1.2(A)**

---

Defendant, Ryan Kamada, by and through counsel, Michael L. Bender and T. Markus Funk of the law firm Perkins Coie LLP, hereby submits an objection to the presentence report and states as follows.

1. Defendant Kamada has entered a stipulated plea of guilty to the crime of Obstruction of Proceedings in violation of 18 U.S.C. § 1505, which is the crime he committed. Plea Agreement, Doc. 14.

2. The facts outlined below were, unless indicated otherwise, taken from the Plea Agreement and reflect what the parties agreed to, and represented to this Court, in or about June 2020. Plea Agreement ¶ 9 (informing the Court that the Plea Agreement contains the agreed-upon factual basis for the offense).

3. Turning to the circumstances of the offense, when approached by Weld County Drug Task Force ("WCDTF") agents seeking authorization to search the target's premises, Defendant Kamada, realizing that he knew the target of the warrant because they grew up in the

same community, promptly recused himself, referred the WCDTF agent to another judge, and did not read or review the affidavit supporting the search warrant. PSIR ¶ 18; Plea Agreement ¶ 12, 19.

4. Subsequently, Defendant Kamada told his friend and mentee, Geoffrey Chacon, that the target was the subject of a drug investigation. PSIR ¶ 19; Plea Agreement ¶ 20.

5. Defendant Kamada provided this information to Chacon, who Defendant Kamada knew associated with the target, solely to protect Chacon so that Chacon would stay away from the target and not be subject to potential criminal prosecution. PSIR ¶¶ 20–21; Plea Agreement ¶¶ 21–22 ("Defendant, who at the time served as a personal and professional mentor to Chacon, was worried that, because of Chacon's past questionable associations and bad decisions (including reported cocaine use when Chacon was in high school), Chacon might have fallen, or could fall, into bad habits, including drug use and adultery.").

6. Defendant Kamada received no benefit whatsoever by telling Chacon this information, and assumed that Chacon, who he at the time viewed like a younger brother, would not share this information with the target or anyone else. *See* PSIR ¶¶ 25; Plea Agreement ¶ 26; Sentencing Recommendation, Doc. 17-1, at R-3 ("To the defendant's credit, he does not appear to have known that his friend was repeating the information to the person under investigation. Additionally, it appears the defendant was more so looking out for his friend, so he did not get caught up in the investigation.").

7. Contrary to what Defendant Kamada subjectively anticipated, however, Chacon in fact informed the target of the pending investigation, causing the target to change his pattern of criminal behavior and thereby interfering with the WCDTF investigation. PSIR ¶ 22; Plea

Agreement ¶ 23 ("Unbeknownst to the Defendant, Chacon shared the information the Defendant provided to him concerning the investigation with [the target]."). In other words, Defendant Kamada had no subjective knowledge that Chacon had provided this information to the target. PSIR ¶¶ 22, 25; Plea Agreement ¶¶ 23, 26. In fact, Defendant Kamada assumed that Chacon "*would not* share this sensitive information with the" target. PSIR ¶ 25; Plea Agreement ¶ 26 (emphasis added). Defendant Kamada only learned of Chacon's conduct after law enforcement contacted Kamada.

8. Defendant Kamada, in short, did not plan, manage, direct, understand, or even become contemporaneously aware of a single step Chacon and the target took to interfere with the WCDTF investigation. PSIR ¶ 24. Per the Plea Agreement between the Government and Defendant:

> *Unbeknownst to the Defendant,* Chacon shared the information the Defendant provided to him concerning the investigation with Drug Dealer . . . .
>
> *Unbeknownst to the Defendant, but known by the Government*, the information the Defendant provided Chacon . . . . caused Chacon and Drug Dealer to change their patterns of conduct and interfered with the WCDTF's investigation.

Plea Agreement ¶¶ 23, 25 (emphasis added).

9. Although Defendant Kamada's sharing of sensitive information was, by his own admission, "inappropriate and reckless," the Government and Probation Office, moreover, agree that he had no subjective intent to interfere with the then-ongoing criminal investigation of the target. *See* PSIR ¶¶ 21–22; Plea Agreement ¶¶ 22–23.

10. When, as here, a defendant is criminally liable *only* because his conduct was "inappropriate and reckless," and because he "reasonably should have foreseen" that his actions could result in the adverse impacts the criminal proscription is designed to prevent, *see* Plea

Agreement ¶ 26, then such a defendant by definition cannot be characterized as anything other than a "minimal participant in [the] criminal activity," as provided by Section 3B1.2(a), and should receive a 4-level mitigating role adjustment decrease to the base offense level. U.S.S.G. § 3B1.2, cmt. n.3(A), 3(C), and 4.

11. As the Sentencing Commission put it, this adjustment is "not applicable unless more than one participant was involved in the offense." *See* U.S.S.G. § 3B1.2, cmt. n.2. Here, the obstruction offense explicitly (and necessarily) involved at least one other person (namely, Chacon). *See* Plea Agreement ¶ 23.

12. The Guidelines go on to provide that a

> defendant who is [1] accountable under §1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved and [2] who performs a limited function in the criminal activity *may receive an adjustment* under this guideline

*Id*. at cmt. n.3(A). In fact, even where a defendant played an "essential or indispensable role" in the crime, he is still eligible for the Section 3B1.2 downward adjustment. *United States v. Yurek*, 925 F.3d 423, 445 (10th Cir. 2019).

13. Applying that standard here, Defendant Kamada, who undisputedly lacked subjective knowledge of the true nature of what he was doing, through his "reckless" conduct was by the parties' admission simply the "but-for" cause of the chain of "criminal activity" (namely, the obstruction knowingly and intentionally engaged in by Chacon). Defendant Kamada, therefore, only performed a "limited function," as that term is defined through Application Note 3(C)'s "fact-based." *See* U.S.S.G. § 3B1.2, cmt. n. 3(C) (requiring consideration of "the degree to which the defendant *understood* the scope and structure of the criminal activity"; "the degree to which the defendant *participated in planning or organizing* the criminal activity"; "the degree to

which the defendant exercised *decision-making authority* or influenced the exercise of decision-making authority; "the *nature and extent* of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts"; and "the degree to which the defendant *stood to benefit* from the criminal activity"). *See also Yurek*, 925 F.3d at 445 ("A defendant who was a minimal or minor participant in criminal activity is eligible for a downward adjustment."); *United States v. Diaz*, 884 F.3d 911, 918 (9th Cir. 2018) (vacating and remanding for re-sentencing where trial court failed to properly evaluate a downward adjustment pursuant to U.S.S.G. § 3B1.2 when the defendant had gained little benefit from the crime and had a "limited understanding of the overall 'scope and structure of the criminal operation'").

14. When, as here, a defendant did not (1) understand the scope and structure of the obstruction, (2) participate in the planning or organization of the obstruction, (3) exercise any decision-making authority or influence such authority concerning the obstruction, and (4) did not stand to benefit from the obstruction, the downward adjustment is appropriate. *See* U.S.S.G. § 3B1.2, cmt. n. 3(C).

15. Because the presentence report does not include this downward adjustment, Defendant Kamada files this specific objection to the presentence report.

DATED this 15th day of December, 2020.

>Respectfully submitted,
>
>**PERKINS COIE LLP**
>
>By: *s/ Michael L. Bender*
>    Michael L. Bender
>    MBender@perkinscoie.com
>    T. Markus Funk
>    MFunk@perkinscoie.com
>    1900 Sixteenth Street, Suite 1400
>    Denver, CO 80202-5255
>    Telephone: 303.291.2300
>    Facsimile: 303.291.2400
>
>**Attorneys for Defendant**
>**RYAN KAMADA**

CERTIFICATE OF SERVICE
=====================

I hereby certify that on December 15, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

- **Bryan David Fields**
  bryan.fields3@usdoj.gov

- **John Patrick Taddei**
  john.taddei@usdoj.gov

By: *s/ Michael L. Bender*
Michael L. Bender
Perkins Coie LLP
1900 Sixteenth Street, Suite 1400
Denver, CO  80202-5255
Telephone:  303.291.2300
Facsimile:  303.291.2400
MBender@perkinscoie.com

**Attorneys for Defendant
RYAN KAMADA**

135308-0001/LEGAL150498289.1