IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:20-cr-00174-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RYAN KAMADA,

    Defendant.

**DEFENDANT'S RESPONSE TO GOVERNMENT'S OBJECTIONS AND AMENDMENTS TO PRESENTENCE INVESTIGATION REPORT (ECF No. 20)**

Pursuant to the Court's Order dated December 16, 2020 (ECF No. 22), Defendant, Ryan Kamada, by and through counsel, Michael L. Bender and T. Markus Funk of the law firm Perkins Coie LLP, responds to the Government's Objections and Amendments to Presentence Investigation Report ("PSIR") (ECF No. 20).

**RESPONSE TO OBJECTION**

**1.    Kamada's undisputed marginal role does not support a "substantial interference" enhancement.**

The Government, following the negotiation and entry of the Plea Agreement, argues that a three-point enhancement under U.S.S.G. § 2J1.2(b)(2) should be applied here because Kamada's "offense resulted in substantial interference with the administration of justice." Government Objection, ECF No. 20, at 1. This position overlooks the limited universe of cases to which that enhancement is meant to apply (namely, the most serious forms of obstruction).

The Commentary to § 2J1.2(b)(2) provides, as a gate-keeping measure, that the "substantial interference" enhancement is meant for obstruction offenses that constitute "*more serious forms*

of obstruction." The Government's argument fails because it focuses not on the (undisputed) "form" of the obstruction, but rather on the unwitting but-for *impacts/results* of that obstruction. U.S.S.G. § 2J1.2, Commentary (emphasis added).

The cases the Government cites illustrate the types of actions constituting a "more serious form" of obstruction: *United States v. Houtar*, 980 F.3d 268 (2d Cir. 2020) (fleeing the country in defiance of a court order and engaging in international parental kidnapping); *United States v. Gray*, 692 F.3d 514 (6th Cir. 2012) (fabricating official reports regarding the death of an inmate and lying to investigators regarding the events leading to the death); *United States v. Atl. States Cast Iron Pipe Co.*, 627 F. Supp. 2d 180 (D.N.J. 2009) (directing a witness to commit perjury and falsifying federal forms related to a gun sale in order to assist an individual under investigation); and *United States v. Bishop*, 493 F. App'x 984 (10th Cir. 2012) (unpublished) (intentionally submitting falsified documents to the court as part of a sentencing proceeding). In each of these cases the defendant not only *knew* of, and in fact was *motivated* by, the investigative activity he was trying to obstruct (which, in combination with the resulting "substantial interference," elevated the conduct to a "more serious form" of obstruction). Nobody, including the Government, would argue that this is true here.

More specifically, Kamada's undisputed actions stand dramatically apart because he did not know, or even subjectively anticipate, that the sensitive information he was sharing with his friend/mentee would ever be passed on or would result in any form of obstruction. *See generally* PSIR R-3 (concluding that Kamada "does not appear to have known that his friend was repeating the information to the person under investigation" and "was more so looking out for his friend" so that his friend "did not get caught up in the investigation"); Plea Agreement ¶ 26 (the parties agree

that Kamada had no contact with the target "concerning the investigation or anything else"; Kamada, moreover, "assumed Chacon would not share this sensitive information with the [target] or anyone else . . . .").

We, in short, take no issue with the Government's position that the intentional, corrupt, and outcome-driven defendant-conduct of the type reflected in the cases it cites to in its briefing constitute the types of "*more serious forms*" of obstruction that, if they also result in "substantial interference" with an investigation, warrant an upward variance pursuant to § 2J1.2(b)(2). But Kamada by the Government's own retelling of the facts at no point was anything but the "but-for" cause the interference resulting from his regrettable lapse in judgment. *See* Plea Agreement, ECF No. 14, at 12. Indeed, we are not aware of any other Section 1505 obstruction prosecution based on the "reasonably should have foreseen" standard that resulted in Kamada's obstruction conviction. While we do not wish to minimize Kamada's conduct, and continue to believe that his admitted recklessness and bad judgment legally support his guilty plea, we are not aware of any case in which marginal/borderline criminality of the kind Kamada engaged was deemed sufficient to qualify a defendant as having engaged in the "*more serious forms*" of obstruction referred to in § 2J1.2(b)(2). Of course, to the extent the Government is aware of another case in which such a low level of culpability resulted not only in a Section 1505 conviction, but also a § 2J1.2(b)(2) substantial interference enhancement, that might change the analysis. In the absence of such precedent, the question becomes whether this is the kind of case in which this Court should push the legal boundaries or set new sentencing records. Our perspective, based on both the law and the bottom-line equities, is that it is not.

> **2.    The PSIR correctly considered the factors set forth under 18 U.S.C. 3553(a) and determined that no enhancement was warranted.**

In its objection, the Government asserts that the probation officer in the PSIR "*only* addresses *one* of the factors set forth in 18 U.S.C. § 3553(a)—the history and characteristics of the defendant—while *excluding all others*." Government Objection, ECF No. 20, at 7 (emphasis added). The Government's claims to the contrary notwithstanding, the Probation Officer expressly described her process and consideration of *all* applicable § 3553(a) factors. Sentencing Recommendation, ECF No. 17-1, n.1 & p.3. Indeed, between the PSIR and the Sentencing Recommendation, the probation officer's findings are comprehensive. While the Government of course can disagree with the PSIR's ultimate conclusions, it is not entitled to rewrite it to better suit its sentencing objectives.

By way of illustration, the chart that follows sets forth the § 3553(a) factors the Government claims the PSIR "excluded," along with a citation to the portion of the PSIR in which the factor was in fact considered:

| Section 3553(a) Sentencing Factor | Sections Demonstrating that the PSIR Did Not "Exclude" the Relevant Sentencing Factors |
|---|---|
| (2)(A)-(D) - "need for sentence imposed" (reflect seriousness of the offense; afford adequate deterrence; protect the public from future crimes; provide defendant with needed training, etc.) | • "Based on the aforementioned factors and lack of criminal history, the defendant does not appear to be a danger to the community. Therefore, it is believed a variance for a probation sentence would sufficiently punish the defendant and provide future deterrence […] Furthermore, the implications of a felony conviction on his record should impress upon him the serious nature of his conduct." Sentencing Recommendation, p. 5.<br><br>• Description of Kamada's current mental health treatment, as well as his plan for continued participation in mental health treatment and his medication management condition. Sentencing Recommendation, p. 5. |

| | |
|---|---|
| (3) & (4)(A)-(B) - "kinds of sentences available" and "sentencing range" | • The PSIR expressly discusses various potential sentences/sentencing options. PSIR ¶¶ 75-76; *see also* PSIR ¶ 30 (discussing calculation of Kamada's offense level).<br><br>• The Sentencing Recommendation sets forth various, potential sentencing components and, on the first page, includes a table setting forth various potential sentences. Sentencing Recommendation, *passim*. |
| (5)(A)-(B) - "pertinent policy statement" | • Although PSIR does not expressly refer to a policy, this factor is only considered when a pertinent policy applies. The Government has not identified a particular policy they believe the probation officer should have considered. |
| (6) - "need to avoid unwarranted sentence disparities" | • The PSIR and the Sentencing Recommendation consider the potential sentences available for Kamada's conduct. They also consider his lack of criminal history and make an appropriate sentence recommendation based on these considerations and the need to avoid unwarranted disparities/unfairness. *See, e.g.,* PSIR ¶¶ 75-76; Sentencing Recommendation, p. 2. |
| (7) - "restitution to any victims of the offense" | • The PSIR considered and determined that "[r]estitution is not applicable in this case." PSIR ¶¶ 86-87.<br><br>• "Restitution is not an issue." Sentencing Recommendation, p. 2. |

The Government's claim that the PSIR only considers Kamada's personal history and characteristics therefore misses the mark. To the contrary, the PSIR properly considers all the relevant Section 3553(a) factors. And while the Government proposes language that it believes should be cut and pasted into the PSIR in a purported effort to help this Court "adequately assess § 3553(a) factors besides the defendant's history and characteristics," Government's Objections at 10, the Court is of course aware of Kamada's regrettable missteps, as well as his indefensible, immature, and unjudicial language. There, in short, is no basis for allowing the Government to rewrite a PSIR just because they wish it reached a different conclusion in this marginal case.

Finally, and related to this point, it must be recognized that the first § 3553(a) factor, which the Government acknowledges the PSIR considers, adds considerable weight *against* the enhancement the Government now seeks. The first factor focuses on "the nature and circumstances

of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). While Kamada acknowledges that his conduct was wrong and thoughtless, it was also limited to a misguided effort to protect his friend and mentee. Plea Agreement ¶ 22; PSIR ¶ 21. Kamada had no direct communication with the target of the WCDTF investigation and had no participation in planning or organizing the tip to the target. Plea Agreement ¶ 26; PSIR ¶ 25. Kamada did not know—let alone intend—that the information he passed to his friend would be passed to the target of the WCDTF investigation; in fact, Kamada believed the information would *not* be passed to the target. Plea Agreement ¶¶ 23, 26; PSIR ¶¶ 22, 25. Kamada received no benefit for his conduct. Plea Agreement ¶ 22; PSIR ¶ 21. Finally, the Sentencing Recommendation correctly recognizes Kamada as someone who has regularly given back to his community and as a "devoted husband and father." Sentencing Recommendation, p. 5.

## CONCLUSION

No matter the perspective, this is a deeply unfortunate—and, indeed, a tragic—case. Kamada has taken responsibility for his conduct, and now sees his professional and personal life, like his reputation, in tatters. And let there be no doubt about it—Kamada fully recognizes that he alone is responsible for this outcome and his present situation. That said, there is also such a thing as sentencing overkill in a case like this. For the reasons set forth above, enhancing Kamada's sentence for "substantial interference" is not warranted and the PSIR appropriately gave weight to all relevant sentencing factors.

DATED this 15th day of January, 2021.

Respectfully submitted,

**PERKINS COIE LLP**

By: *s/ Michael L. Bender*
   Michael L. Bender
   MBender@perkinscoie.com
   T. Markus Funk
   MFunk@perkinscoie.com
   1900 Sixteenth Street, Suite 1400
   Denver, CO  80202-5255
   Telephone:  303.291.2300
   Facsimile:  303.291.2400

**Attorneys for Defendant
RYAN KAMADA**

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

- **Bryan David Fields**
  bryan.fields3@usdoj.gov

- **John Patrick Taddei**
  john.taddei@usdoj.gov

By: *s/ Michael L. Bender*
    Michael L. Bender
    Perkins Coie LLP
    1900 Sixteenth Street, Suite 1400
    Denver, CO  80202-5255
    Telephone:  303.291.2300
    Facsimile:  303.291.2400
    MBender@perkinscoie.com

**Attorneys for Defendant
RYAN KAMADA**