# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, WELD COUNTY, COLORADO<br>P.O. BOX 2038<br>901 9TH AVENUE<br>GREELEY, COLORADO 80631<br>(970) 351-7300 | DATE FILED: February 13, 2020<br>CASE NUMBER: 2019CR1674 |
| THE PEOPLE OF THE STATE OF COLORADO<br>vs.<br>ALBERTO ISAISAS LOYA, DEFENDANT, | |
| District Attorney:<br>Michael J. Rourke<br>Address: P. O. Box 1167<br>915 Tenth Street<br>Greeley, CO 80632<br>Phone Number: 970-356-4010<br>FAX: 970-352-8023<br>Atty. Reg.: #28812 | ☐ COURT USE ONLY ☐<br>Case Number: 19CR1674<br>Div: 11 |
| WRITTEN WAIVER AND GUILTY PLEA | |

1) I am the defendant in this case.

2) I have had enough time to talk to my lawyer about this case, and he/she has discussed the evidence against me. I have fully explained my side to him/her.

3) I believe that the District Attorney has enough evidence to convict me at trial.

4) I am satisfied that my plea of guilty in this case is in my best interest.

5) I understand that I have the right to exercise any or all of the following rights, even against my lawyer's advice:

   a) The right to remain silent about this case;

   b) The right to have my lawyer represent me and be present with me during any conferences or questioning by anyone about this case, at all court hearings, and at trial;

   c) The right to plead NOT GUILTY and have a jury trial; and,

   d) The right to appeal my case to a higher court if I am convicted at trial.

6) I understand that the right to a jury trial includes:

   a) The right to help select the jury;

   b) The right to confront witnesses who testify against me, and to have my lawyer cross-examine them about their testimony;

   c) The right to be presumed innocent, unless and until the District Attorney proves my guilt beyond a reasonable doubt;

*Revised January 10, 2010*

    d)      The right to have my lawyer call witnesses to testify for me if I want and, if necessary, to have the judge order witnesses to come to court.

7) I have read and understand the elements of the charge or charges that I am pleading guilty to, as shown on the attached sheet(s).

8) I have read and understand the possible penalties that I could be sentenced to, which are shown on the attached sheet(s).

9) My plea is freely, intelligently, and voluntarily given. I know that I am giving up all the rights described above. I understand these rights. I am giving up these rights and pleading guilty of my own free will. No one has pressured me or tried to make me plead guilty against my will. I have not decided to plead guilty because of anything I have been told except for the agreements shown on the attached sheet(s).

10) I understand that the record may be further supplemented by police reports, affidavits, or other documentation attached or provided at the time of sentencing.

11) I understand that if I am not a citizen of the United States, this guilty plea may cause collateral consequences, including, but not limited to deportation, exclusion from admission to the United States, or denial of naturalization.

12) I understand that following the sentencing in this matter, I have, in certain circumstances, the right to appellate review of my conviction and sentence. A Notice of Appeal must be filed within 49 days of the sentence. I also understand that if I am determined indigent by the court that I have the right to the assistance of appointed counsel upon the review of my conviction and sentence and the right to obtain a record on appeal without payment of costs. Additionally, I understand that I may have the right to seek post-conviction reduction of my sentence in the trial court within 126 days of the imposition of sentence pursuant to Crim.P. 35(b).

13) I have read this form and understand it. My lawyer has answered all my questions to my satisfaction.

_____    2-12-20
Defendant                                                                                        Date

14) I represent that I have reviewed this advisement with the defendant. I believe he/she understands his/her rights, the charge or charges to which he/she is pleading guilty, and the possible penalties. I also believe that the defendant's plea is freely, intelligently, and voluntarily given.

_____ 7282 , 2-12-20
Attorney for Defendant        Reg. #   Date

15) I represent that I have translated this plea agreement from the English language to the _____ language for the defendant on _____, 20__.

_____
Interpreter                                               CCI #        Date

*Revised January 10, 2010*

| | |
|---|---|
| DISTRICT COURT, WELD COUNTY, COLORADO<br>P.O. BOX 2038<br>901 9TH AVENUE<br>GREELEY, COLORADO 80631<br>(970) 351-7300 | |
| THE PEOPLE OF THE STATE OF COLORADO<br>vs.<br>**ALBERTO ISAISAS LOYA**, DEFENDANT | |
| District Attorney:<br>Michael J. Rourke<br>Address: P. O. Box 1167<br>915 Tenth Street<br>Greeley, CO 80632<br>Phone Number: 970-356-4010<br>FAX: 970-352-8023<br>Atty. Reg.: #28812 | ☐ **COURT USE ONLY** ☐<br><br>Case Number: 19CR1674<br><br>Div: 11 |
| **MOTION TO DISMISS** | |

MICHAEL J. ROURKE, District Attorney in and for the Nineteenth Judicial District of the State of Colorado, by his undersigned Deputy, respectfully requests this Court for an Order herein dismissing Counts 1, 2, 3, 4, 5, 7, 8, 10, 12, 14, 16, 18, 19, 21, 23, 25, 27, 29 and 33 of the ~~information~~ [Indictment] for the reason that the Defendant will plead guilty to Count 15, Conspiracy to Possess with the Intent to Distribute a Schedule I or II Controlled Substance – Cocaine, a class one drug felony and Count 31, Conspiracy to Money Launder, a class four felony.

Dated: February 11, 2020

Respectfully submitted,

MICHAEL J. ROURKE
DISTRICT ATTORNEY

By: _/s/ Steve Wrenn_
Steve Wrenn, #35411
CHIEF DEPUTY DISTRICT ATTORNEY

**ORDER**

Upon Motion of MICHAEL J. ROURKE, District Attorney in and for the Nineteenth Judicial District of the State of Colorado, by his Chief Deputy District Attorney, and good cause appearing, it is hereby ORDERED that Counts 1, 2, 3, 4, 5, 7, 8, 10, 12, 14, 16, 18, 19, 21, 23, 25, 27, 29 and 33 in the above-entitled matter be and hereby are dismissed.

Dated this 13TH day of February, 2020.

BY THE COURT:

_/s/_
DISTRICT JUDGE

*Revised January 10, 2010*

ALBERTO ISAISAS LOYA, 19CR1674

**ELEMENTS**

COUNT 15 – CONSPIRACY TO POSSESS WITH THE INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCES – SCHEDULE I OR II – MORE THAN 225 GRAMS, C.R.S. 18-18-405(1)(a), (2)(a)(I)(A):

1. On or about February 26, 2019, in the County of Weld, State of Colorado,
2. ALBERTO ISAISAS LOYA, unlawfully, feloniously, and knowingly,
3. conspired with an unidentified male named "Tony",
4. to possess with the intent to sell or distribute more than two hundred twenty-five grams of cocaine, a schedule I or II controlled substance;
5. in violation of 18-18-405(1)(a),(2)(a)(I)(A) C.R.S.
6. "KNOWINGLY" a person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists. A person acts knowingly with respect to a result of his conduct when he is aware that his conduct is practically certain to cause the result.
7. "CONSPIRED WITH" means to agree with another person to engage in conduct which constitutes a crime or an attempt to commit a crime, or agree to aid the other person in the planning or commission of a crime or of an attempt to commit such crime. A conspiracy is not completed unless an overt act has been committed in furtherance of the conspiracy.
8. "OVERT ACT" means any knowingly committed by one of the conspirators, in an effort to accomplish some object or purpose of the conspiracy. The overt act need not be criminal in nature. It must, however, be an act that tends toward accomplishment of a plan or scheme, knowingly done in furtherance of some object or purpose of the charged conspiracy.
9. "POSSESSION" as used in these instructions, does not necessarily mean ownership, but does mean the actual, physical possession, or the immediate and knowing dominion or control over the object or the thing allegedly possessed. "Possession" need not be exclusive, provided that each possessor, should there be more than one, actually knew of the presence of the object, or thing possessed, and exercised actual physical control or immediate, knowing dominion or control over it.
10. "WITH INTENT" a person acts intentionally or with intent when his conscious objective is to cause the specific result proscribed by the statute defining the offense. It is immaterial whether or not the result actually occurred.
11.. "DISTRIBUTE" means to deliver a controlled substance other than by administering or dispensing (C.R.S., 12-22-303(12))
12. "DELIVER" means actual, constructive, or attempted transfer of controlled substance whether or not there is an agency relationship. (C.R.S., 12-22-303(8))
13. "DISPENSE" means to prepare a drug or device pursuant to a lawful prescription order of a practitioner, together with an appropriate label, in a suitable container for subsequent administrator to or use by a patient or other individual entitled to receive the prescription order

(C.R.S., 12-22-102(9) and 12-22-303(11))

14. "ADMINISTER" means to apply a controlled substance, whether by injection, inhalation, ingestion, or any other means, directly to the body of a patient or research subject. (C.R.S., 12-22-303(3).

15. "CONTROLLED SUBSTANCE" means a drug or other substance or an immediate precursor which is declared to be a Controlled Substance, Schedule II. Cocaine is declared to be a Controlled Substance, Schedule II.

16. "COCAINE" means coca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed; cocaine, its salts, optical and geometric isomers, and salts of isomers; ecgonine, its derivatives, their salts, isomers, and salts of isomers; or any compound, mixture, or preparation which contains any quantity of any of the substances referred to in this definition.

COUNT 31 – CONSPIRACY TO MONEY LAUNDER (F4) – C.R.S. 18-5-309(1)(b)(I),(2) and 18-2-201

1. On or between April 23, 2019 and April 24, 2019, in the County of Weld, State of Colorado,
2. ALBERTO ISAISAS LOYA, unlawfully, feloniously, and knowingly,
3. Conspired with Cesar Vargas-Maldanado,
4. To transport, transmit, or transfer a monetary instrument or moneys,
5. With knowledge or a belief that the monetary instrument or moneys represented the proceeds of a criminal offense, and
6. That the transportation, transmission, or transfer was designed in whole or in part, to conceal or disguise the nature, location, source, ownership, or control of the proceeds of a criminal offense;
7. "KNOWINGLY" a person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists. A person acts knowingly with respect to a result of his conduct when he is aware that his conduct is practically certain to cause the result.
8. "CONSPIRED WITH" means to agree with another person to engage in conduct which constitutes a crime or an attempt to commit a crime, or agree to aid the other person in the planning or commission of a crime or of an attempt to commit such crime. A conspiracy is not completed unless an overt act has been committed in furtherance of the conspiracy.
9. "OVERT ACT" means any knowingly committed by one of the conspirators, in an effort to accomplish some object or purpose of the conspiracy. The overt act need not be criminal in nature. It must, however, be an act that tends toward accomplishment of a plan or scheme, knowingly done in furtherance of some object or purpose of the charged conspiracy.

*Revised January 10, 2010*

## PENALTIES

COUNT 15 – CONSPIRACY TO POSSESS WITH THE INTENT TO DISTRIBUTE A SCHEDULE I OR II CONTROLLED SUBSTANCE – COCAINE – MORE THAN TWO HUNDRED AND TWENTY-FIVE GRAMS (DF1) C.R.S. 18-18-405(1)(a), (2)(a)(I)(a): 8 to 32 years confinement with the Colorado Department of Corrections; a sentence to the Department of Corrections requires an additional mandatory parole period of 3 years. A fine of from $5,000.00 to $1,000,000.00 may be assessed in addition to or in lieu of any sentence of imprisonment. Additionally, a drug offender surcharge of $4,500.00 will be assessed unless the court finds the defendant is financially unable to pay.

COUNT 31 – CONSPIRACY TO MONEY LAUNDER (F4) – C.R.S. 18-5-309(1)(b)(I),(2) – F4; 2 to 6 years confinement with the Colorado Department of Corrections; sufficient mitigating circumstances may reduce the minimum to 1 year; sufficient aggravating circumstances may increase the maximum to 12 years; a sentence to the Department of Corrections requires an additional mandatory parole period of 3 years. A fine of from $2,000.00 to $500,000.00 may be assessed in addition to or in lieu of any sentence of imprisonment.

## AGREEMENT

The defendant will plead guilty to Count 15, Conspiracy to Possess with the Intent to Distribute a Controlled Substance, a class one drug felony and Count 31, Conspiracy to Money Launder, a class four felony. Counts 1, 2, 3, 4, 5, 7, 8, 10, 12, 14, 16, 18, 19, 21, 23, 25, 27, 29 and 33 will be dismissed. As to Count 15, the parties stipulate to a sentencing range of eight (8) to ten (10) years in the Department of Corrections, plus the mandatory period of parole. All other terms and conditions are open to the court. As to Count 31, the parties stipulate to a sentence of four (4) years in the Department of Corrections, to run concurrent to the sentence imposed in Count 15. The parties stipulate to a factual basis for the plea and to proximate cause for purposes of restitution.

Further, the defendant is knowingly and voluntarily waiving his right to the preservation of any evidence that may contain DNA which was collected through the criminal investigation in this case pursuant to the provisions of C.R.S. §18-1-1101, *et seq*, as set forth in the attached evidence list.

Finally, the parties also stipulate that the People may withdraw from the plea agreement if the defendant commits a new felony or misdemeanor while awaiting sentencing and/or fails to appear for sentencing. Restitution and costs of prosecution as to all originally filed and pled counts will be as ordered by the Court.

| DISTRICT COURT, WELD COUNTY, COLORADO<br>P.O. BOX 2038<br>901 9TH AVENUE<br>GREELEY, COLORADO 80631<br>(970) 351-7300 | |
|---|---|
| THE PEOPLE OF THE STATE OF COLORADO<br>vs.<br>ALBERTO ISAISAS LOYA, DEFENDANT, | |
| | ☐ **COURT USE ONLY** ☐<br>Case Number: 19CR1674<br>Div: 11 |
| **WAIVER OF EXTRADITION AS A CONDITION OF BAIL BOND**<br>**PURSUANT TO §16-4-103, C.R.S.** | |

I _ALBERTO ISAIAL LOYA_ (name of Defendant) have been arrested for a Felony offense on _2-26-19_ (date) and as a condition of my bail bond consent to the following:

1. I understand that it is a violation of my bond to leave Colorado without the approval of the Court and the surety and that if I am arrested in another state, I can be returned to Colorado through the extradition process.

2. I will not resist or fight any effort by any state to return me to Colorado and waive all formal extraditions proceedings.

3. I understand I shall not be admitted to bail in any other state pending extradition to Colorado.

4. I agree to waive any right I may have to contest my extradition and I waive this right freely, voluntarily and intelligently.

Date: _2-12-20_

_____
Signature of Defendant

_ALBERTO ISAIAL LOYA_
Print Full Name

---

I certify the foregoing Waiver of Extradition as a Condition of Bail Bond was executed and subscribed before me.

Date: _____

_____
Signature

_____
Title

*Revised January 10, 2010*