**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 1:20-cr-00174-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

RYAN KAMADA,

      Defendant.

---

**MOTION TO RECONSIDER ORDER STRIKING DEFENDANT'S OBJECTION TO PRESENTENCE REPORT**

---

Defendant Ryan Kamada, by and through counsel, Michael L. Bender and T. Markus Funk of the law firm Perkins Coie LLP, hereby moves the Court to reconsider its Order Striking Defendant's Objection to Presentence Report (ECF No. 29) (the "Order"). Defendant Kamada respectfully requests that the Court reconsider its Order on two grounds.

*First*, Defendant Kamada's objection to the final presentence investigation report ("final PSR") was timely. Under Fed. R. Crim. P. 32(f)(1), "[w]ithin 14 days after receiving the presentence report, the parties must state in writing any objections to material information, sentencing guidelines ranges, and policy statements contained in or omitted from the report." Fed. R. Crim. P. 32(f)(1). Here, Defendant Kamada first received the final PSR on June 11, 2021. (ECF No. 26.) Defendant Kamada filed his objection to the final PSR on June 25, 2021, within the 14-day period and well in advance of the July 28 sentencing hearing. (ECF No. 28.) Accordingly, Defendant Kamada's objection was timely and should be considered by the Court at sentencing.

*Second*, even if Defendant Kamada's objection was untimely, good cause exists to allow Defendant Kamada to raise new objections to the final PSR before sentence is imposed. *See* Fed R. Crim. P. 32(i)(1)(D) ("At sentencing, the court . . . may, for good cause, allow a party to make a new objection at any time before sentence is imposed."). The final PSR is materially different from the initial presentence report ("initial PSR"). Specifically, it includes a new enhancement which increased the recommended Guidelines range from 12 to 18 months (in the initial PSR) to 21 to 27 months (in the final PSR). In addition to increasing the recommended Guidelines range, this new enhancement apparently caused the final PSR to recommend, for the first time, a sentence of imprisonment. (The initial PSR recommended probation.) It would be fundamentally unfair, and Defendant Kamada would face substantial prejudice, if he were not provided an opportunity to object to issues being raised—for the first time—in the final PSR. Good cause, therefore, exists to allow Defendant Kamada's objection.

## I.    **STANDARD OF REVIEW**

"Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, 'motions to reconsider in criminal prosecutions are proper.'" *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) (quoting *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010)). "The Supreme Court has recognized motions for reconsideration in criminal proceedings at least since *United States v. Healy*, 376 U.S. 75, 77-78, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964)." *Id.* The Tenth Circuit has "recognized that criminal defendants may . . . move for reconsideration." *Id.* at 1242. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the

need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

## II.   **LEGAL ARGUMENT**

On June 28, 2021, this Court issued an Order striking Defendant Kamada's Objection to the Presentence Report (ECF No. 28), reasoning that the filing was "substantially untimely, given that the first disclosure of the Presentence Report filed by the U.S. Probation Office on December 1, 2020 (ECF No. 17) clearly stated that the deadline for the filing of objections to the presentence report was December 15, 2021." (ECF No. 29.)  Although Defendant Kamada understands the Court's reasoning, Defendant Kamada respectfully requests that the Court reconsider its decision so it can correct any error and prevent manifest injustice to the defendant.

### A.    **Defendant Kamada's Objection to the Final PSR was Timely and Appropriate.**

The Federal Rules provide that "[w]ithin 14 days after receiving the presentence report, the parties must state in writing any objections. . . ."  Fed. R. Crim. P. 32(f)(1).  Here, Defendant Kamada complied with the 14-day deadline.  The final PSR was filed on June 11, 2021, and Defendant Kamada objected 14 days later, on June 25, 2021.  (ECF Nos. 26, 28.)  Defendant Kamada's objection to the final PSR was timely.

Moreover, the Federal Rules do not bar parties from objecting to the final presentence report.  If parties were barred from doing so, they would be unable to object to any adjustments raised—for the first time—in the final report.  And the Tenth Circuit has "long held failure to object to a fact in a presentence report, or failure to object at the sentencing hearing, acts as an admission of fact, and waiver of the issue." *United States v. Swearingen*, 506 F. App'x 804, 807 (10th Cir. 2013) (internal citations and quotations omitted).  If parties failed (or, rather, were not

provided the opportunity) to object to new adjustments raised for the first time in the final presentence report, they would risk waiving those objections at the sentencing hearing and on appeal.

For these reasons, courts around the country have allowed parties to object to final presentence reports. *See, e.g., United States v. Holcomb*, 390 F. App'x 117, 119 (3rd Cir. 2010) ("Following issuance of the final Pre-Sentence Investigation Report ("PSR"), both parties made objections to the report prior to the Sentencing Hearing. . . .  The Court ruled on the objections at [defendant's] Sentencing Hearing."); *United States v. Lewis*, No. 1:15-CR-10-TLS, 2020 WL 2847855, at *1 (N.D. Ind. June 2, 2020) (court ruled on the parties' objections to the final presentence report).

Defendant Kamada respectfully requests that the Court reconsider its Order and find that Defendant Kamada's objection to the final PSR was timely and appropriate.

### B.      Good Cause Exists to Allow Defendant Kamada to Object to the Final PSR.

In the alternative, good cause exists to allow Defendant Kamada to object to any issues raised for the first time in the final PSR before sentence is imposed. *See* Fed. R. Crim. P. 32(i)(1)(D) ("At sentencing, the court . . . may, for good cause, allow a party to make a new objection at any time before sentence is imposed.").  Courts within the Tenth Circuit have interpreted "good cause" under Rule 32 to mean "scheduling deadlines cannot be met despite a party's diligent efforts."  *United States v. Chapman*, No. CR 11-0904-JB, 2012 WL 1132509, at *4-5 (D.N.M. Mar. 19, 2012) (finding good cause existed to provide the defendant "a full opportunity to present her arguments regarding an appropriate sentence" where the defendant

"[did] not appear to have acted carelessly or with neglect. . . ."). Here, good cause exists to allow Defendant Kamada to object to any new issues raised in the final PSR.

The probation office filed the initial PSR on December 1, 2020. (ECF No. 17.) Although Defendant Kamada timely objected to the initial PSR on December 15, 2020 (ECF No. 19), the initial PSR did **not** include a three-level enhancement for "substantial interference with the administration of justice" under U.S.S.G. § 2J1.2(b)(2). (ECF No. 17.) That enhancement was not added until June 11, 2021, when the *final* PSR was circulated to the parties. (ECF No. 26, ¶ 45.) Likewise, while the initial PSR calculated the recommended Guidelines range at 12 to 18 months, the final PSR for the first time calculated the recommended Guidelines range at 21 to 27 months. (*Compare* ECF No. 17-1 *with* ECF No. 26-1.) Finally, apparently due to this new enhancement, the final PSR for the first time recommended a sentence of imprisonment, while the initial PSR recommended probation.

Accordingly, Defendant Kamada's first opportunity to object to (1) the inclusion of the three-level enhancement for "substantial interference with the administration of justice;" and (2) the calculation of the recommended Guidelines range of 21 to 27 months, was *after* the final PSR was circulated to the parties on June 11, 2021. Defendant Kamada diligently objected to these issues within 14 days after receipt of the final PSR. (*See* ECF No. 28.) It would be fundamentally unfair, and Defendant Kamada would face substantial unfair prejudice, if he were not provided an opportunity to object to issues being raised, for the first time, in the final PSR. Good cause, therefore, exists to allow Defendant Kamada's objection.

III.   <u>**CONCLUSION**</u>

For the reasons stated above, Defendant Kamada respectfully requests that this Court reconsider its Order and grant this motion, allowing Defendant Kamada to object to the final PSR.

DATED this 2nd day of July, 2021.

Respectfully submitted,

**PERKINS COIE LLP**

By: *s/ Michael L. Bender*
    Michael L. Bender
    MBender@perkinscoie.com
    T. Markus Funk
    MFunk@perkinscoie.com
    1900 Sixteenth Street, Suite 1400
    Denver, CO  80202-5255
    Telephone:  303.291.2300
    Facsimile:  303.291.2400

**Attorneys for Defendant**
**RYAN KAMADA**

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2021, I electronically filed the foregoing with the Clerk of

Court using the CM/ECF system which will send notification of such filing to the following:

- **Bryan David Fields**
  bryan.fields3@usdoj.gov
- **John Patrick Taddei**
  john.taddei@usdoj.gov

By: *s/ Michael L. Bender*             
    Michael L. Bender
    Perkins Coie LLP
    1900 Sixteenth Street, Suite 1400
    Denver, CO  80202-5255
    Telephone:  303.291.2300
    Facsimile:  303.291.2400
    MBender@perkinscoie.com

    **Attorneys for Defendant**
    **RYAN KAMADA**