IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:20-cr-00174-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RYAN KAMADA,

    Defendant.

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER ORDER STRIKIGN DEFENDANT'S OBJECTION TO PRESENTENCE REPORT [ECF NO. 30]**

---

For the reasons set forth below, the Court should deny the defendant's Motion for Reconsideration, ECF No. 30, and leave in place its order striking the defendant's supplemental objections to the Presentence Investigation Report (the "PSR"), ECF No. 29.  As contemplated by the Federal Rules of Criminal Procedure, the defendant may raise new objections before the Court "[a]t sentencing" if he demonstrates "good cause," Fed. R. Crim. P. 32(i)(C) and (D), but he is not permitted an additional round of objections to the PSR at this stage of the pre-sentencing proceedings.

    **I.**    **Background**

Until the defense's June 25, 2021, filing raising supplemental objections to the PSR, the parties were following the orderly process for the preparation, consideration, and finalization of the PSR set forth in the Federal Rules of Criminal Procedure.  *See* Fed R. Crim. P. 32(c) – (g).  Consistent with Rule 32(d), the Probation Office issued the PSR on December 1, 2020.  As similarly provided in the Rules, the parties filed objections to that report within 14 days.  *See*

1

Fed. R. Crim. P. 32(f)(1).  The defendant thought the report too harsh for failure to include a mitigating role reduction, ECF No. 19; the government thought it too lenient for failing to include an enhancement for substantial interference with the administration of justice, ECF No. 20.  Although the Rules do not contemplate further back-and-forth, the Court continued to shepherd the orderly course of litigation by asking the parties to respond to one another's objections.  ECF No. 22.  The parties followed that order and responded as instructed.  ECF Nos. 24 and 25.  The Probation Office, fulfilling its role as a neutral arbiter of sentencing disputes, was unpersuaded by the defendant's arguments: the final PSR includes an enhancement for substantial interference and concludes that the defendant does not deserve a mitigating role reduction.  ECF Nos. 26 and 27.

The defendant had ample opportunity to argue that a sitting state court judge is less culpable than others involved in obstructing a drug investigation.  He also had ample opportunity to argue that his intentional breach of court confidences to help a friend avoid scrutiny from the police did not substantially interfere with the administration of justice.  Nevertheless, despite the lack of any Federal rule, local rule, local practice standard, or order, the defendant filed an additional brief, featuring new arguments, seeking to re-litigate those same issues.  ECF No. 28 (the "Additional Objections").

**II.     Argument**

The defendant should not get a special pleading.  The Additional Objections are an unnecessary deviation from the normal process of sentencing.  The Court's local practice standard clearly explains what happens after objections are filed: within 14 days of sentencing, the defendant can file sentencing-related motions including a motion for a departure and a motion for a variance.  WJM Revised Practice Standards IX.I.2.b, – d.  He should not get a

"bonus round" in which he relitigates — with brand new arguments not previously considered — PSR issues already resolved by the Probation Office. Allowing such a pleading would simply encourage a bloated docket comprising cycles of litigation and re-litigation. It is also unfair to the Probation Office, which took the time to carefully respond to one set of arguments only to find the defendant shift the field entirely to a new set of arguments.

### A.    The Defendant's Objections to the PSR Are Untimely

As the Court noted in its order, the defendant received the PSR on December 1, 2021. The PSR reminded the parties of the Federal Rule requiring objections within fourteen days: on or before December 15, 2021. Any objection filed after that date is thus outside the timeframe contemplated by the Rules.

The defendant shifts the focus away from the initial PSR by noting that the Additional Objections were filed within 14 days of the *final* PSR. But this reading of the rules would lead to the absurd potential for unlimited rounds of objections: the Probation Office would issue a PSR, the parties would object, the Probation Office would resolve the objections, and the parties would then be allowed to re-object and start the process over and over again. That is not an orderly litigation process.

It is also inconsistent with the actual text and structure of the federal rules. Federal Rule of Criminal Procedure 32(f)(1) says that the parties have fourteen days after receiving the presentencing report. It then provides for "action on the objections" in which the Probation Office investigates further and revises the PSR as appropriate. Fed. R. Crim. P. 32(f)(3). Finally, as happened here, the Probation Office submits revisions and comments on the objections. Fed. R. Crim. P. 32(g). There is no provision in the rules for further objections.

Rather, the Federal Rules and the Court's Local Practice Standards contemplate that any

further litigation will be resolved in the context of motions and pleading related to the actual sentencing hearing.  Fed. R. Crim. P. 32(i); WJM Local Practice Standards IX. I.2.b. – d.  *This* is where the defendant can continue to preserve his objections as required by the Tenth Circuit.  *See, e.g.*, *United States v. Figueroa-Labrada*, 720 F.3d 1258, 1264 (10th Cir. 2013) (noting that defendant should have objected to PSR at the actual sentencing hearing).

It is technically accurate to conclude that "courts around the country have allowed parties to object to final presentence reports" when two courts, each in a different jurisdiction, have at some point in the modern history of Rule 32 used their discretion to allow it in a particular case.  ECF No. 30 at 4.  But to the extent that formulation attempts to convey some kind of consensus or wide-spread acceptance of this practice, the citations in the defendant's Motion for Reconsideration cannot support such a broad conclusion.  *United States v. Holcomb* involved a final PSR that contained a factually incorrect statement of the relevant statute's maximum term of imprisonment.  390 F. App'x 117, 119 (3d Cir. 2017).  That is far different than an effort to re-litigate the same guidelines issues in two separate pleadings.  *United States v. Lewis* does feature a district court entertaining a second set of objections essentially re-litigating overruled first objections.  No. CR 1:15-10, 2020 WL 2847855, at *1-4 (N.D. Ind. June 2, 2020).  But the fact that the Court exercised its discretion to do so there in no way supports the conclusion that this Court must or even should do the same.  Instead, the Court should use the same practice standards it would use in any case.

       **B.**      **There is No Good Cause to Allow an Additional Pleading Featuring New Arguments that Could have Been Made the First Time**

It is simply not the case that the defendant's "first opportunity to object to (1) the inclusion of the three-level enhancement for 'substantial interference with the administration of justice;' and (2) the calculation of the recommended Guidelines range of 21 to 27 months, was

4

*after* the final PSR was circulated to the parties on June 11, 2021." ECF No. 30 at 5. The Probation Office did not apply that enhancement *sua sponte* in the final PSR. To the contrary, the government timely advocated for the inclusion of the substantial interference enhancement in the first round of objections, ECF No. 20, the defendant was expressly given an opportunity to respond, and he took advantage of that opportunity in a detailed filing, ECF No. 24. Furthermore, the defendant's combined filings — the objection for not including a mitigating role enhancement and his response to the government's request for a substantial interference enhancement — clearly incorporate an objection to the overall Guidelines range. While the outcome in the final PSR might be disappointing to the defendant, he cannot reasonably argue that it is surprising. The defendant should have expected the final PSR to contain a resolution of the already-conducted litigation.

This is thus not a case where the defendant was denied an opportunity to present his arguments. *Cf. United States v. Chapman*, No. CR 11-0904-JB, 2021 WL 1132509, at *4-5 (D.N.M. Mar. 19, 2012). The Court's practice standards give the parties 15 pages to make their case in motions and responses. WJM Practice Standards III.C.1. The defendant used approximately six pages to respond on the issue of substantial interference, leaving ample opportunity to make any other arguments. ECF No. 24. The fact that he has now filed a 12-page objection with additional, never-before-raised arguments related to those same sentencing issues is indicative of discontent, not "good cause."

### C. The Defendant Does Not Deserve Special Pleading

The defendant has until July 14, 2021 to file sentencing-related motions. He can file relevant motions at that time. He should not be allowed to smuggle an extra pleading into the record. That is, he should not be allowed to file one set of objections to the PSR *and* an

additional set of objections *and* motions for departures or variances *and* a sentencing statement. More litigation is not necessarily better litigation. The purpose of the process related to the PSR is to promote "focused, adversarial resolution of the legal and factual issues relevant to fixing Guidelines sentences." *Burns v. United States*, 501 U.S. 129, 137 (1991), *superseded by rule and overturned on other grounds by Irizarry v. United States*, 553 U.S. 708, 713 (2008). It is time to move beyond the PSR and address the actual merits of sentencing.

Respectfully submitted this 12th day of July, 2021.

| | | | |
|---|---|---|---|
| | MATTHEW T. KIRSCH<br>Acting United States Attorney | | COREY R. AMUNDSON<br>Chief |
| By: | *s/Bryan David Fields*<br>Bryan David Fields<br>Assistant U.S. Attorney<br>U.S. Attorney's Office<br>1801 California St., Ste. 1600<br>Denver, CO 80202<br>Telephone: 303-454-0200<br>Fax: 303-454-0406<br>E-mail: Bryan.Fields3@usdoj.gov<br>Attorney for Government | By: | s/*John P. Taddei*<br>John P. Taddei<br>Trial Attorney<br>U.S. Department of Justice<br>Public Integrity Section<br>1301 New York Ave. NW, Ste. 1000<br>Washington, DC 20530<br>Telephone: 202-514-1412<br>Fax: 202-514-3003<br>Email: John.Taddei@usdoj.gov<br>Attorney for Government |

## CERTIFICATE OF SERVICE

I certify that on this 11th day of July, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

s/ *Bryan David Fields*
BRYAN DAVID FIELDS
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Bryan.Fields3@usdoj.gov
